IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HOTEL EQUITY FUND V, LLC, ) | Case No. 10-10951 (BLS) |
| ) | |
| Alleged Debtor. ) | |

**OBJECTION OF PETITIONING CREDITOR CAPSTEAD MORTGAGE CORP. TO MOTION FOR ENTRY OF ORDER SHORTENING NOTICE OF HEARING AND THE OBJECTION DEADLINE FOR THE EMERGENCY MOTION OF WELLS FARGO BANK, NATIONAL ASSOCIATION, AS SPECIAL SERVICER ON BEHALF OF BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF WACHOVIA BANK COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-WHALE 8 FOR AN ORDER (A) DISMISSING THE BANKRUPTCY CASE AND (B) SANCTIONING CAPSTEAD MORTGAGE CORP. AND REDTAIL CAPITAL PARTNERS ONE, LLC PURSUANT TO 11 U.S.C. § 303(i)**

Petitioning creditor Capstead Mortgage Corp. ("Capstead") and non-petitioning creditor, Redtail Capital Partners One, LLC ( "Redtail", collectively with Capstead, the "Objectors") respectfully object (the "Objection") to the Motion For Entry of Order Shortening Notice of Hearing and the Objection Deadline for the Emergency Motion of Wells Fargo Bank, National Association, as Special Servicer on Behalf of Bank of America, N.A., as Successor by Merger to LaSalle Bank National Association, as Trustee for the Benefit of the Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2007-Whale 8 for an Order (A) Dismissing the Bankruptcy Case and (B) Sanctioning Capstead Mortgage Corp. and Redtail Capital Partners One, LLC Pursuant to 11 U.S.C. § 303(i) [Docket No. 36] (the "Motion to Shorten").

## PRELIMINARY STATEMENT

1. As discussed below, Wells Fargo's Motion to Shorten should be denied because they have failed to show a compelling reason why the Motion to Dismiss should be heard on less than 21-days notice. Any purported harm to the Alleged Debtor's estate is of Wells Fargo's own making by refusing to continue to fund reconstruction costs at the Four Seasons Resort Nevis unless it is permitted to foreclose on the Property. A forced foreclosure sale, however, is not in the best interests of the Alleged Debtor's estate, and Wells Fargo's Motion to Shorten is another attempt to force a foreclosure that will adversely effect all of the Alleged Debtor's creditors, other than Wells Fargo (whose servicer advances are oversecured) and the most senior holders of the securitization trust, to the detriment of all other participants.

## BACKGROUND

### A. Circumstances Leading Up to the Petition Date

2. Petitioning creditor, Capstead, is an affiliate of Redtail. Redtail holds $38.4 million in principal of a certain $126.7 million mortgage loan made to the Debtor.[1] Redtail is and remains committed to a restructuring of the Alleged Debtor so that it can continue its business and meet its contractual and other obligations. In fact, in November 2009, at a time when Redtail was the "controlling holder" of the mortgage loan, Redtail reached an agreement in principle with the Alleged Debtor to restructure its debt, provide trade claims with a recovery and reorganize so that it can finally become a thriving business. The agreement in principle

---

[1] Pursuant to that certain Participation and Servicing Agreement dated December 16, 2005 entered into initially by and among Calyon New York Branch, Redtail, and Ashford Hospitality Finance LP (the "Participation Agreement"), the referenced mortgage loan was carved into six participations – A, B, C, D, E and F. LaSalle Bank National Association, as trustee, holds bare legal title to the A participation, which has an outstanding principal amount of $58,358,264. The A participation is beneficially held by myriad smaller investors in a securitized pool. Calyon New York Branch holds the B participation, which has an outstanding principal amount of $11,701,260. Redtail holds the C, D, and E participations in the aggregate outstanding principal amount of $38,440,476. Ashford Hospitality Finance LP holds the F participation, which has an outstanding principal amount of $18,200,000. As such, Redtail is the largest single legal and beneficial holder of the mortgage loan.

would have involved a consensual chapter 11 (at least as between the Alleged Debtor and the mortgage lender) and would not trigger the recourse guaranty of the Alleged Debtor's principals.

3. In contrast, Wells Fargo (who itself is not a participant in the mortgage loan) does not want to reorganize the Debtor. In fact, after learning of Redtail's intention to consensually restructure the Alleged Debtor, Wells Fargo staged an illegitimate coup by purporting to revoke Redtail's controlling holder status by improperly failing to take into account all the collateral securing the mortgage loan, most notably, tens of millions of dollars in available insurance proceeds.[2] Wells Fargo has, and continues to make clear, that despite its lack of any interest in the mortgage loan, it would rather foreclose on the participants' collateral, destroy the prospects of a successful chapter 11 reorganization, and leave the Alleged Debtor's other creditors without any recovery. This is so, regardless of whether such foreclosure could reasonably be expected to maximize the recovery on the Property for the mortgage loan participants, taken as a collective whole, as required by the servicing standards to which Wells Fargo is bound.

**B**    **Background of the Motion to Dismiss and Motion to Shorten**

4. On March 19, 2010 (the "Petition Date") Capstead and two other creditors filed the above-captioned involuntary chapter 11 bankruptcy petition (the "Petition") against Hotel Equity Fund V, LLC (the "Alleged Debtor") in this Court. The Petition was served on March 31, 2010. As of this filing, the time for the Alleged Debtor to respond to the Petition has not expired.

5. On April 1, 2010, Wells Fargo Bank, NA ("Wells Fargo") filed the Motion of Wells Fargo Bank, National Association, as Special Servicer on Behalf of Bank of America, N.A., as Successor by Merger to LaSalle Bank National Association, as Trustee for the Benefit

---

[2] In fact, Wachovia has filed a proceeding in Missouri state court asserting a claim for over $100 million in insurance proceeds. The insurance company has filed an interpleader action seeking to deposit approximately $20 million in the registry of the United States District Court for District of Delaware (Case No. 10-00190-SLR).

of the Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2007-Whale 8 for an Order (A) Dismissing the Bankruptcy Case and (B) Sanctioning Capstead Mortgage Corp. and Redtail Capital Partners One, LLC Pursuant to 11 U.S.C. § 303(i) [Docket No. 35] (the "Motion to Dismiss"), along with the Motion to Shorten. Pursuant to the Motion to Shorten, Wells Fargo seeks to have the Motion to Dismiss heard on less than 21-days notice as required by Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## ARGUMENT

6. Pursuant to Rule 2002(a)(4), a party seeking to dismiss a case under the Bankruptcy Code must provide at least twenty-one days notice of a hearing for such dismissal. Pursuant to Rule 9006(c)(1) of the Bankruptcy Rules and Rule 9006-1(e) of the Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules"), this notice time may be shortened at the discretion of the Court.

7. Rule 9006(c)(1) states that a court may, in its discretion, shorten the notice time for "cause shown." *Fed. R. Bankr. P. 9006(c)(1)*. The movant must show a compelling reason to shorten this notice period. *See In re Adler*, 329 B.R. 406, 411 (Bankr. S.D.N.Y. 2005). As discussed below, Wells Fargo has failed to provide a compelling basis to show cause why the Court should shorten notice. Indeed, the Motion to Dismiss raises scurrilous and false accusations against Capstead and Redtail (a non-petitioning creditor of the Alleged Debtor) and asks the Court to impose sanctions against the Objectors for their alleged bad faith filing (recognizing that Redtail is not a petitioning creditor).[3]

---

[3] The Objectors intend to vigorously defend against these allegations in connection with the Motion to Dismiss. Failing to give the Objectors a full and fair opportunity to defend against these allegations, especially before asking the Court to impose sanctions, does not comport with the minimal requirements of due process.

8. The required twenty-one day notice period should not be shortened, if the compelling reason for the expedited hearing was caused by the movant, as is the case here. *See In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993); *Official Comm. Of Disputed Litig. Creditors v. McDonald Inv., Inc.*, 42 Bankr. 981, 987 (N.D. Tex. 1984) ("an 'emergency' was brought on solely by the dalliance of debtors' counsel and it was an abuse of discretion for the bankruptcy court to shorten the notice period. . . ."). If a shortening of the notice period is sought, "it must appear clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making." *Villareal*, 160 B.R. at 787.

9. Wells Fargo says it needs to shorten notice on the Motion to Dismiss because reconstruction funding on the Four Seasons Resort Nevis (the "Property") has ceased and they need to foreclose on the Property before the reconstruction can be completed. But Wells Fargo itself is the one that has stopped funding the reconstruction. Ironically, the mortgage note does not represent Wells Fargo money that is at risk (nor is it the A participation investors' money); Wells Fargo as servicer and the A participants are substantially oversecured. Moreover, every servicing dollar advanced by Wells Fargo is repaid before any of the holders of the A, B, C, D, E, and F participations realize any value. Therefore, even Wells Fargo's intentionally flawed valuation – omitting millions of dollars in insurance proceeds – shows that the real party at risk is Redtail.

10. Furthermore, Wells Fargo has failed to even attempt to explain to the Court why a fire-sale foreclosure proceeding, as opposed to a more orderly bankruptcy reorganization, will increase the value of the estate for the benefit of the Alleged Debtors' creditors. In fact, the Objectors intend to put on evidence in connection with the Motion to Dismiss that will show that Wells Fargo is intentionally ignoring the value of the secured creditors' other collateral to

prevent Redtail from acting as the controlling holder under the Participation Agreement because it knows that Redtail would not approve the foreclosure process it is pursuing, and indeed, would approve a consensual debt restructuring and chapter 11 plan.

11. In exercising its discretion to shorten the required notice period under Bankruptcy Rule 9006(c)(1), the Court must consider "the prejudice that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening the period." *Villareal*, 160 B.R at 788; *In re Grant Broad. Of Philadelphia, Inc.*, 71 B.R. 390, 397 (Bankr. E.D. Pa 1987). "The principle victim whenever the court grants an expedited hearing is the due process rights of affected creditors and parties in interest." *Villareal*, 160 B.R. at 788. Wells Fargo's seeking to shorten notice on the Motion to Dismiss is just another attempt by Wells Fargo to force Redtail out of the picture so that it can pursue a course of conduct that benefits Wells Fargo and the holders of the A and B participations (all of whom are substantially oversecured) but none of the other mortgage loan participants under the Participation Agreement or any of the unsecured creditors of the Alleged Debtor.

## CONCLUSION

12. For the reasons stated above, the Court should deny the Motion to Shorten relating to Wells Fargo's Motion to Dismiss. Wells Fargo has failed to show cause why the Motion to Dismiss should be heard on an expedited basis, and any alleged harm to the Property alleged by Wells Fargo is of its own making.

13. The Objectors request that the Court hold a status conference on the Motion to Dismiss as soon as reasonably practical to discuss with the parties a more reasonable scheduling order. The Objectors recognize that the Motion to Dismiss needs to be resolved sooner rather

than later so that the reconstruction on the Property can be completed and the value of the Alleged Debtors estate can be preserved for all creditors, not just Well Fargo.

WHEREFORE, Capstead requests that the Court enter an order dismissing the Motion to Shorten and entering an Order setting a scheduling conference at the Court's convenience.

Dated: April 6, 2010
       Wilmington, Delaware

                               **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                               /s/ John Dorsey
                               John T. Dorsey (Bar No. 2988)
                               Sharon Zieg (Bar No. 4196)
                               The Brandywine Building
                               1000 West Street, 17th Floor
                               Wilmington, Delaware 19801
                               Telephone:   (302) 571–6600
                               Facsimile:    (302) 571–1253

                               Counsel to Petitioner Capstead Mortgage Corp.